IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TAWNY BRYCE SAVAGE,**

    Petitioner,

v.                                      Case No. 4:19cv109-WS/CAS

**WARDEN,**

    Respondent.
_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION**

On or about February 21, 2019, Petitioner Tawny Bryce Savage, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On August 26, 2019, Respondent filed motion to dismiss, with an exhibit. ECF No. 10. Petitioner has not filed a reply, although she was given the opportunity to do so. *See* ECF No. 8.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes the petition is moot and should be dismissed.

**Background**

On September 2, 2014, in the United States District Court for the

Western District of Oklahoma, Petitioner Tawny Bryce Savage pled guilty to three counts in two different cases: one count of possessing with intent to distribute methamphetamine, contrary to 21 U.S.C. § 841(a)(1), and one count of possessing a firearm as a convicted felon, contrary to 18 U.S.C. § 922(g)(1), in case number 5:14cr158; and one count of theft of government funds, in violation of 18 U.S.C. § 641, in case number 5:14cr257. *See* Ex. 1 at 1-2. In the first case, the court sentenced her to two concurrent terms of 78 months in prison, to run concurrently with a 78-month prison sentence imposed in the second case. *Id*. at 2.

At the time she filed her § 2241 petition, Savage was incarcerated at the Federal Correctional Institution in Tallahassee, Florida. *See* ECF No. 1 at 1, 15. In her petition, she indicates she challenges her sentence in 5:14cr158, asserting she is currently serving an illegal sentence due to the erroneous assessment of additional criminal history points. *Id*. at 2, 8-13

In its motion to dismiss, Respondent details the procedural history of Petitioner's cases. ECF No. 10 at 1-5. Respondent asserts this case should be dismissed because Petitioner actually challenges the validity of her sentence, not the execution thereof, and such challenge is properly brought pursuant to 28 U.S.C. § 2255, not § 2241, in the district of

conviction. *Id*. at 6-7. Respondent further argues the case should be dismissed because of the collateral waivers Petitioner executed at the time of her guilty pleas. *Id*. at 7. Finally, Respondent asserts Petitioner's challenge lacks merit. *Id*. at 8-9.

The website for the Federal Bureau of Prisons indicates Petitioner Tawny Bryce Savage, Inmate Register Number 07338-062, was released on October 1, 2019. *See* www.bop.gov/inmateloc/. Notably, as of the date of this order, she has not filed a change of address with this Court.

## Analysis

Whether an action is moot involves a jurisdictional issue because it implicates the Article III requirement of a live case or controversy. Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987). Upon expiration of a petitioner's sentence, "some concrete and continuing injury other than the now-ended incarceration" – some "collateral consequence" of the conviction – must exist to maintain the habeas action. Spencer v. Kemna, 523 U.S. 1, 7 (1998). *See, e.g.*, U.S. ex rel. Graham v. U.S. Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984) (holding federal prisoner's habeas petition challenging regulations and decisions by U.S. Parole Commission was mooted by prisoner's release as his "ultimate objective in

bringing the action was to obtain parole" and "[s]ince he has been released on parole in the interim, we find there no longer is a case or controversy to litigate" as "[a] favorable decision on the merits would not entitle Graham to any additional relief"); <u>Hernandez v. Wainwright</u>, 796 F.2d 389, 390 (11th Cir. 1986) (holding district court properly dismissed as moot state prisoner's § 2254 petition alleging unconstitutional miscalculation of gain time credits, where prisoner was released from custody while petition was pending and he had attacked only length of confinement, not underlying conviction).

Here, Petitioner's only objective in bringing this habeas action was a reduction in her sentence. Because she has since been released from incarceration, there is no longer a case or controversy to litigate. Thus, this action is moot and should be dismissed.

## Conclusion

For the reasons stated above, this § 2241 habeas petition is moot. Accordingly, the § 2241 petition (ECF No. 1) should be **DISMISSED** and Respondent's motion to dismiss (ECF No. 10) **DENIED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on October 7, 2019.

<u>S/ Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.